## No. 26152

### The People of the State of Colorado v.
### Steve R. Atencio
(525 P.2d 461)

Decided August 12, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On January 19, 1972, defendant-appellant Atencio pleaded *nolo contendere* to a charge of assault with a deadly weapon, and on September 7, 1972, he was granted probation. On April 23, 1973, Atencio was arrested and held for violation of his probation. Prior to his probation revocation hearing, Atencio filed a motion to suppress illegally seized evidence. The court ruled that it would not consider the motion, stating that the so-called "exclusionary" rule, originally announced in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), is not applicable to a probation revocation hearing to the same extent that it is applicable to a trial to determine guilt or innocence.

On June 15, 1973, Atencio's probation was revoked and he was sentenced to an indeterminate term of imprisonment in the Colorado State Reformatory not to exceed three and one-half years. Atencio appeals his probation revocation arguing that the trial court erred in considering evidence obtained in violation of his constitutional rights against unreasonable searches and seizures.

The facts as developed in the probation revocation hearing revealed that in the course of stopping Atencio for questioning, two police officers conducted a pat-down search of him

and found a gun in his possession. One of the conditions of Atencio's probation was that he not have a weapon in his possession without permission of his probation officer.

■ The trial court ruled that although the officers did not have probable cause to arrest the defendant, or perhaps under these circumstances even to stop him and check for identification, nevertheless the intrusion was minimal and in the course of checking for identification the officer had the responsibility of protecting his own safety to frisk the defendant for weapons. We agree that there was no probable cause to arrest or detain here.

## I.

■ The Attorney General asks that we dismiss this appeal, contending that probation revocation orders are not reviewable by direct appeal. We have decided this issue against the Attorney General's position in *People v. Carr,* 185 Colo. 293, 524 P.2d 301, and thus find that issue has no merit here.

## II.

Defendant argues that the trial court improperly considered his possession of the gun in revoking his probation because the gun was illegally seized.

■ While there are certain procedural due process rights accorded to probationers at revocation hearings, this court has previously noted that at a probation revocation hearing the probationer is not entitled to claim the full range of constitutional guarantees available to one who has not yet been convicted of a crime. *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969).

In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the following "minimum requirements of due process" at parole or probation revocation hearings were set out:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the

right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

■ The Supreme Court commented further in *Gagnon* on the critical differences between criminal trials and probation revocation hearings, among them that formal procedures and rules of evidence are not employed. In *Holdren, supra,* we also said that in a proceeding to determine whether probation should be revoked the court will not be bound by the strict rules of evidence.

The United States Supreme Court, whose direction in *Mapp, supra,* has in the past compelled all state courts to rule that the exclusionary rule must be applied to evidence obtained by unreasonable searches and seizures, has itself now announced that the rule does not apply to all criminal proceedings. In *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), that court refused to apply the exclusionary rule to grand jury proceedings, saying: "Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally-seized evidence in all proceedings or against all persons. As with any remedial device the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served."

■ The overwhelming majority of cases from state and federal jurisdictions have refused to apply the exclusionary rule to improperly seized evidence in probation revocation hearings. *United States v. Hill,* 447 F.2d 817 (7th Cir. 1971); *United States v. Allen,* 349 F. Supp. 749 (N.D. Cal. 1972); *United States ex rel. Lombardino v. Heyd,* 318 F. Supp. 648 (E.D. La. 1970), *cert. denied,* 404 U.S. 880 (1971); *People v. Calais,* 36 Cal. App. 3d 622, 111 Cal. Rptr. 654 (1974); *Bernhardt v. State,* 288 So.2d 490 (Fla. 1974); *State v. Simms,* 10 Wash. App. 75, 516 P.2d 1088 (1974); *Stone v.*

*Shea,* 113 N.H. 647, 304 A.2d 647 (1973). We choose to adopt the majority rule in Colorado. We have found only one jurisdiction holding otherwise, *Michaud v. State,* 505 P.2d 1399 (Okl. Cr. 1973). That case involved a statute requiring "competent evidence" at a revocation hearing, and that court had previously termed evidence obtained through an unlawful search and seizure as "incompetent."

The Colorado legislature has expressly stated that: "[a]ny evidence having probative value shall be received [at a probation revocation hearing] regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut hearsay evidence." Colo. Sess. Laws 1972, Ch. 44, 39-11-206(3) at 246, effective July 1, 1972. The parties are in dispute as to the applicability of that statute to this case, where the plea was prior to the effective date, but the revocation hearing was afterwards. We do not find it necessary to decide that question here, however, as we are relying on common law doctrine. We merely point out that the legislature clearly expressed its intent to have all probative evidence considered at the hearing on probation revocation, even if that evidence would be excluded in a criminal trial.

While we hold that the exclusionary rule *per se* does not apply to probation revocation hearings, we do not thereby sanction gross official misconduct in gathering evidence for a probation revocation. We point out that where the unreasonable search or seizure is such as to shock the conscience of the court, the court will not permit such conduct to be the basis of a state-imposed sanction. *See Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). However, under the circumstances of this case, we see no reason to apply the latter rule.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.

MR. JUSTICE ERICKSON dissents.