**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Robert J. BOYKIN, Defendant-Appellant.**

**No. 78–1091.**

Colorado Court of Appeals,
Div. III.

Feb. 26, 1981.

As Modified on Denial of Rehearing
May 21, 1981.

Certiorari Denied July 27, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Stephen D. Alfers, Jody Sorenson Theis, Sp. Deputy State Public Defenders, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Robert J. Boykin, appeals the trial court's denial of his motion for post-conviction relief following the court's revocation of defendant's deferred sentence. We affirm.

On April 27, 1977, defendant pled guilty to a charge of conspiracy to commit robbery and was granted a two-year deferred sentence. In August 1977, defendant's Colorado Springs probation officer permitted him to travel to Mississippi. Defendant thereafter mailed monthly probation reports to Colorado until and including November 1977. From January 7 until May 2, 1978, defendant was in jail in Mississippi. On his return to Colorado Springs on May 4, 1978, he immediately contacted his probation officer.

On June 12, 1978, defendant met his wife and their son at the home of defendant's aunt in Colorado Springs. During defendant's absence from Colorado his wife had obtained an *ex parte* court order granting custody of the child to her father, who was an officer of the El Paso County Probation Department. She and the young boy resided with her parents.

During the June 12 meeting, after an argument and some scuffling with his wife, defendant placed two bank books and a watch belonging to his wife in his pocket, and left with his son. These items were discovered approximately three days later in the basement of the house where the

incident occurred. The boy was returned to his grandparents' home at approximately 5:00 a. m. on June 13.

On June 14, 1978, defendant was taken into custody for violating conditions of his deferred sentence. The petition alleged that he had failed to report to his probation officer from December 1977 to April 1978. It also stated that he had violated criminal laws of Colorado in that on June 12, 1978, he struck his wife "in the face, took her purse from her, and then ran off with her son and with several items from her purse."

Following a hearing, the trial court found beyond a reasonable doubt that defendant had committed theft of his wife's property and also concluded that defendant failed to report to his probation officer in December 1977. Based on both of these findings, the trial court revoked defendant's deferred sentence.

Defendant did not appeal the trial court's judgment. Instead, he filed a motion for post-conviction review pursuant to Crim.P. 35(c) (previously Crim.P. 35(b)). Defendant now appeals the trial court's denial of that motion.

The People initially contend that defendant cannot challenge the revocation of his deferred sentence by means of Crim.P. 35(c) because he failed to take a direct appeal from the trial court's order of revocation. We disagree.

Crim.P. 35(c)(2) states in pertinent part as follows:

"Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, . . . every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application . . . must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

(I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state;

.   .   .   .   .

(VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or

(VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release." (emphasis added)

■ Procedural considerations governing revocation of a deferred sentence are analogous to those governing revocation of probation. *See People v. Adair*, Colo.App., 620 P.2d 46 (1980) (*cert. granted* Dec. 8, 1980). We conclude that an order revoking a deferred sentence is the equivalent of the revocation of conditional release for purposes of Crim.P. 35(c)(2)(VII). Thus, a defendant may either appeal an order revoking a deferred sentence, pursuant to C.A.R. 1, or file a motion for post-conviction review, pursuant to Crim.P. 35(c). *See People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974).

Contrary to the People's position, *People v. Shearer*, 181 Colo. 237, 508 P.2d 1249 (1973), and *Mikkleson v. People*, Colo., 618 P.2d 1101 (1980) do not support a different result. *People v. Shearer, supra*, considered the issue of what kind of error may be raised by a Crim.P. 35(c) motion; it did not suggest that a direct appeal from a conviction is a prerequisite to filing such motion. *Mikkleson v. People, supra*, is authority for the principle that a defendant who fails to appeal an initial sentence is foreclosed from challenging that sentence later by means of a Crim.P. 35(a) motion. However, Crim.P. 35(a) does not contain the critical language found in Crim.P. 35(c) expressly authorizing post-conviction relief for unlawful revocations of conditional releases.

■ The People also argue that Crim.P. 35(c) provides relief only for errors of constitutional magnitude and that therefore arguments concerning sufficiency of the evidence are not proper in a proceeding challenging the revocation of a deferred sentence. However, the language of the rule is in the disjunctive, indicating that an allegation of unlawful revocation of conditional release is a separate and sufficient basis for

utilizing the rule's procedure. Hence, the plain language of the rule refutes the People's argument.

Defendant contends that the evidence was insufficient to support the revocation. He first argues that the prosecution failed to establish that he committed theft because it offered no evidence of the value of the bank books and the watch. We disagree.

■ When a defendant is accused of violating a condition of deferred sentencing, the prosecution must prove the violation by a preponderance of the evidence at the revocation hearing. Section 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). *But see* § 16–11–206(3), C.R.S.1973 (1978 Repl.Vol. 8). Here, the trial court concluded beyond a reasonable doubt that defendant committed the crime of theft. We conclude that if a defendant is charged with having violated a deferred sentence condition that he refrain from criminal conduct, and the particular offense allegedly committed is, generically, theft, no precise value is material to the alleged violation. *See State v. Taylor*, 132 N.J.Super. 386, 333 A.2d 592 (1974); *People v. Sparks*, 9 Ill.App.3d 470, 292 N.E.2d 447 (1972). Hence, the prosecution here was required to show only that defendant knowingly obtained or exercised control over a thing of value belonging to another without authorization. *See* § 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8).

■ The trial court concluded that "there was a taking of two pass books and a watch" and that "these have a value." There was sufficient evidence in the record to permit an inference by the trial court that the watch had value and, for the purpose of this revocation proceeding, it was immaterial what that value was. This holding is, of course, limited to cases where no statutory minimum value requirement is a material element.

Because we conclude that the revocation of defendant's deferred sentence was justified by the trial court's determination that defendant committed a criminal act, we do not reach defendant's contention that his failure to report for one month was not sufficient grounds for revocation.

■ Defendant also contends that the trial court erred in denying his pre-hearing motion to disqualify the Probation Department from "bringing" the action because its employees were biased and prejudiced against defendant. In denying the pre-hearing motion, the court indicated that defendant could cross-examine witnesses to establish any such bias. The motion was not renewed at the end of the hearing, and no evidence was presented to establish the alleged bias. Hence, we find no error.

Defendant finally contends that the trial court erred in denying his motion to dismiss that portion of the charging document alleging a violation of Colorado law because it did not sufficiently allege any offense. We disagree.

■ Persons alleged to have violated a condition of deferred sentence are not entitled to the full panoply of constitutional rights accorded persons who have not admitted guilt to criminal conduct. *See People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974). Nevertheless, consistent with principles of due process, such persons must at a minimum be given adequate notice of the charges against which they must defend. *See People v. Carr, supra*. While the complaint and report did not in terms allege any theft or refer to any statute, we conclude that it reasonably informed defendant that he was accused of unlawfully taking items of personal property from his wife's purse. He was entitled to obtain more specific information about the alleged offense prior to the revocation hearing through motions or discovery, and we note that defendant at no time pursued these alternatives or sought a continuance of the revocation proceeding for such purpose.

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.