**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Abraham ALLEN, Defendant–Appellant.**

**No. 94CA2090.**

Colorado Court.of Appeals,
Div. II.

June 12, 1997.

Rehearing Denied Aug. 21, 1997.

Certiorari Granted March 2, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Kim L. Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Abraham Allen, appeals the order of the trial court revoking a deferred judgment and sentence and also challenges the new 16–year sentence imposed on him for two counts of sexual assault on a child. We

reverse the revocation, vacate the sentence, and remand for a new revocation hearing.

Faced with allegations that he had had intercourse with a fourteen-year-old girl on two occasions, defendant pled guilty to the charges underlying the sentence at issue here. Pursuant to the parties' joint motion, the court imposed a four-year deferred sentence. Among the conditions of defendant's deferred judgment and sentence were requirements that he successfully complete offense-specific treatment and have no contact with anyone under the age of 18 without prior approval of his treating therapist and probation officer.

Seven months later, the prosecution filed an application for the entry of judgment and imposition of sentence, based on the following allegations:

The Defendant has admitted to having contact with females under the age of 18 to include sexual contact. The Defendant also admits forcing minors to have sexual intercourse with him on three occasions by threatening to do bodily harm to them.

At the hearing on the application, two of defendant's therapists and his probation officer were initially permitted to testify to defendant's having admitted that he had sexual contact with minors. A police detective also testified that she interviewed two of the minors and that, although one of them denied having had sex with defendant, both confirmed having spent time with him at his home on one or more occasions during the previous six months. Later in the hearing, in response to an objection by defense counsel, the court found that defendant's admissions to the therapists and probation officer had not been voluntary and were therefore inadmissible.

Defense counsel indicated that one of the minors was available to testify that she had not had sex with defendant. However, the court stated that whether sexual contact occurred was immaterial, because any kind of contact with the minors was sufficient to constitute a violation of the terms of the deferred judgment and sentence.

The court then asked if defense counsel intended to present any witnesses, and the following colloquy took place:

[Defense counsel]: I guess I should tell [defendant] he has the right to testify if he wants to.

The Court: I don't think there is a Curtis advisement.

[Defense counsel]: No. But I think I should tell him.

The Court: So what is your decision? No witnesses?

[Defense counsel]: Right.

Thereafter, the court found, based solely on the testimony of the police detective, that defendant had violated the terms of his deferred judgment and sentence by having contact with minors during his period of work release.

At sentencing, the court reviewed the supplemental presentence investigation and the results of an independent psychological evaluation, both of which indicated that defendant was not amenable to treatment and that he presented a high risk to the community. Based on this information, the trial court found that defendant's behavior while on probation was an aggravating factor and imposed a sentence of 16 years in the Department of Corrections.

### I.

Defendant first contends that the application for entry of judgment and imposition of sentence did not give him adequate notice of the charges against him because it did not set forth the dates and locations of the alleged violations. We disagree.

### A.

■ Like a probation revocation proceeding, an action to revoke deferred judgment and reimpose sentence need not afford a defendant the full panoply of constitutional guarantees available to one who has not yet pled guilty to a crime. *See People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974); *People v. Boykin*, 631 P.2d 1149 (Colo.App.1981) (procedural considerations governing revoca-

tion of deferred sentence are analogous to those governing probation revocation).

■ However, principles of due process mandate certain basic procedural protections governing revocation of the "conditional liberty" created by probation or deferred judgment and sentence. *Black v. Romano,* 471 U.S. 606, 610, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636, 642 (1985). Among these are the right to adequate notice of the charges against which one is to defend. *People v. Boykin, supra.*

■ Here, the text of the application to enter deferred judgment and impose sentence gave defendant clear notice of the violations charged. This document not only specified the conditions violated, but also clarified that the charges were based on defendant's own admissions, leaving no uncertainty as to the incidents alleged. The record does not support a claim that defendant was unaware of the claims he faced.

### B.

Nevertheless, defendant maintains that the sentence cannot stand because the prosecution failed to comply with § 16–11–205(5), C.R.S. (1996 Cum.Supp.), which requires that a complaint to revoke probation must specify "the date and approximate location" of the alleged violation of the terms of probation. He further asserts there was not compliance with § 16–7–403(2), C.R.S. (1996 Cum.Supp.), which provides that "the procedural safeguards required in a revocation of probation hearing shall apply" in proceedings to revoke a deferred judgment and sentence. We perceive no basis for reversal.

In *People v. Schoonover,* 654 P.2d 1340 (Colo.App.1982), a division of this court held that § 16–7–403(2) incorporated into the deferred judgment context only *hearing* procedures, not *prehearing* procedures, from the probation revocation context. The claimed violation here concerned a prehearing procedure.

■ Furthermore, even in the probation revocation context, a technical violation of the terms of the statute does not mandate reversal if the defendant in fact received the notice which the statute was intended to ensure. *People v. Zimmerman,* 616 P.2d 997 (Colo.App.1980).

■ We therefore conclude that the application for entry of deferred judgment and imposition of sentence was sufficient to notify defendant of the violations he was alleged to have committed.

### II.

Defendant next contends that the trial court committed reversible error in failing to advise him of his right to testify at the hearing. Under the circumstances here, we agree.

Section 16–7–403(3), C.R.S. (1986 Repl.Vol. 8A) provides that a deferred judgment may be revoked only after a hearing in which the defendant is afforded the procedural safeguards required in a revocation of probation hearing.

■ Due process requires that, prior to revocation of probation, a defendant must receive a hearing at which he is allowed "to be heard in person, present evidence in his own behalf, and confront and examine adverse witnesses." *People v. Varner,* 181 Colo. 146, 149, 508 P.2d 390, 391 (1973), citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *See also Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ Our supreme court has emphasized the fundamental nature of the right to testify and the necessity that, at trial, a defendant be advised of that right and of the corresponding right not to testify. *People v. Gray,* 920 P.2d 787 (Colo.1996); *People v. Curtis,* 681 P.2d 504 (Colo.1984).

Defendant urges that the trial court was required to give an advisement containing all the elements required by *People v. Curtis, supra,* to assure the voluntariness of a waiver of the right to testify. We recognize, however, that the risks and consequences of testifying in a deferred judgment revocation proceeding are somewhat different from those inhering in a criminal trial. For example, in the revocation context the court already has

before it the record of any prior felony convictions.

■ While we need not determine here whether a full *Curtis* advisement would be required in a deferred judgment setting, we do hold that the court must, at a minimum, satisfy itself that the defendant has been made aware of the fundamental right to testify.

■ In this case, the above-quoted dialogue between the court and counsel indicates that neither the court nor even defense counsel advised defendant of his right to testify. Under these circumstances, the order revoking the deferred judgment and sentence must be vacated, the sentence must be reversed, and the matter must be remanded for further proceedings.

The order revoking defendant's deferred judgment and sentence is reversed, the sentence is vacated, and the cause is remanded for a new hearing on whether defendant committed the violations alleged in the application for entry of deferred judgment and imposition of sentence, and for further proceedings consistent with this opinion.

CRISWELL and PLANK, JJ., concur.