The PEOPLE of the State of Colorado, Petitioner,

v.

Abraham ALLEN, Respondent.

No. 97SC734.

Supreme Court of Colorado, En Banc.

Jan. 19, 1999.

As Modified on Denial of Rehearing Feb. 16, 1999.

Ken Salazar, Attorney General Barbara McDonnell, Chief Deputy Attorney General Michael E. McLachlan, Solicitor General John Daniel Dailey, Deputy Attorney General Robert Mark Russel, First Assistant Attorney General Kim L. Montagriff, Assistant Attorney General Paul Koehler, Assistant Attorney General Criminal Enforcement Section Denver, Colorado Attorneys for Petitioner

David F. Vela, Colorado State Public Defender Martin Gerra, Deputy State Public Defender Denver, Colorado Attorneys for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari in *People v. Allen,* 952 P.2d 764 (Colo.App.1997), to determine whether a trial court must affirmatively advise a defendant that he has a right to testify in a proceeding to revoke a deferred judgment and sentence.[1] We hold that an affirmative advisement is not required in such a proceeding. Accordingly, we reverse the decision of the court of appeals and remand this case for further proceedings consistent with this opinion.

1. We granted certiorari on the following issues:
   (1) Whether the court of appeals erred in setting forth a new requirement that a trial court must affirmatively advise a defendant that he has a right to testify in a revocation proceeding.
   (2) Whether the court of appeals exceeded its statutorily authorized jurisdiction by exercising "general supervisory power" over a trial court by announcing a new rule of procedure to effectuate a defendant's right to be heard at a revocation proceeding.
   (3) Whether the court of appeals erred in retroactively applying a new procedural rule in a revocation proceeding.

## I.

On October 5, 1993, the defendant, Abraham Allen, pled guilty to one count of sexual assault on a child. See § 18-3-405, 6 C.R.S. (1998).[2] He received a four year deferred judgment and sentence and was ordered to serve six months in a work release program. The deferred judgment and sentence resulted from an incident in which Allen admitted to engaging in sexual intercourse with a fourteen-year-old girl twice on July 5, 1993. As a condition of the deferred sentence, Allen was prohibited from having contact with anyone under the age of eighteen without prior approval of both his therapist and his probation officer. In addition, Allen was required to enter and successfully complete "Offense Specific Treatment."

On March 28, 1994, Allen's work release sentence was commuted. Subsequently, in May, during the course of a group therapy session related to Allen's offense specific treatment, Allen volunteered to take a polygraph examination to prove the accuracy of statements he had made to the group members. After Allen had scheduled the polygraph test, he admitted to the group that during the previous six months, he had had sex with three females under the age of eighteen. One of the females was fourteen, and one was sixteen. The other was seventeen years old and was pregnant with his child.

Because these admissions demonstrated that Allen had violated the conditions of his deferred sentence, the People applied for the entry of judgment against Allen and imposition of sentence. On July 20, 1994, a hearing was held on this application. Allen was present with his attorney. The prosecution presented four witnesses including two therapists who treated Allen, a police detective, and Allen's probation officer. All four testified that Allen admitted having sexual intercourse with three identified minor children. At the close of the prosecution's case, defense counsel was asked if she wished to present any witnesses for Allen. Defense counsel replied that she had only one witness, but after a discussion regarding the

relevancy of that witness's testimony, the following dialogue took place between the trial court and defense counsel:

[Defense counsel]: I don't intend to call her at this point.

[THE COURT]: Okay. So you have no witnesses?

[DEFENSE COUNSEL]: That's right.

[THE COURT]: I want to just finish this Minnesota [*Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984)].

[DEFENSE COUNSEL]: I guess I should tell him he has the right to testify if he wants to.

THE COURT: I don't think there is a Curtis advisement.

[DEFENSE COUNSEL]: No. But I think I should tell him.

THE COURT: So what is your decision? No witnesses?

[Defense counsel]: Right.

Defense counsel then made a legal argument contending that the defendant's statements were not voluntary because they were psychologically coerced. The trial court rejected the defense argument and found that Allen had violated the terms of his probation. At the October 28, 1994 sentencing, Allen was present and spoke in allocution asking that he not be imprisoned. The trial judge determined that Allen's behavior while on probation was an aggravating factor and sentenced him to sixteen years in the Department of Corrections.

On appeal, Allen argued to the court of appeals that the trial court committed reversible error because he was not advised of his right to testify at the hearing to revoke his deferred judgment and sentence. See *Allen*, 952 P.2d at 767. The court of appeals agreed finding that, based on the colloquy between the trial court and Allen's defense counsel, Allen had not been informed of his fundamental right to testify. See *id.* at 768. The court of appeals held that the trial court in a deferred judgment setting "must, at a minimum, satisfy itself that the defendant

---

**2.** Originally, Allen was charged with two counts of sexual assault on a child, *see* § 18-3-405, and

one count of contributing to the delinquency of a minor, *see* § 18-6-701, 6 C.R.S. (1998).

has been made aware of the fundamental right to testify." *Id.* As a result, the court of appeals vacated the trial court's order revoking the deferred judgment and sentence and reversed the sixteen year sentence. See *id.* Because of this reversal, the court of appeals did not address Allen's additional claims that the sixteen year sentence was excessive and constituted an abuse of discretion, that he was denied his right to allocution, and that the deferred judgement and sentence must be vacated because it was predicated entirely on hearsay.

The People bring this appeal.

## II.

The People claim that the only plausible interpretation of the holding of the court of appeals is that it created a new procedural rule that trial courts must affirmatively advise defendants of their right to testify in revocation proceedings. Allen argues that the court of appeals did not set forth a new procedural rule but instead found error based on the facts of this case. In other words, Allen asserts that error was predicated on the trial court's failure to affirmatively advise Allen of his right to testify when it learned that Allen had not been made aware of this right.

We agree with Allen that the court of appeals did not intend to create a new procedural rule requiring an on-the-record advisement. Specifically, the court of appeals stated: "While we need not determine here whether a full Curtis advisement would be required in a deferred judgment setting, we do hold that the court must, at a minimum, satisfy itself that the defendant has been made aware of the fundamental right to testify." [3] See *Allen,* 952 P.2d at 768. We read this statement to mean just what it says, that the court of appeals did not determine that an affirmative advisement was required. Therefore, we need not reach the question of whether the court of appeals exceeded its statutorily authorized jurisdiction or whether it erred in retroactively applying a new procedural rule in a revocation proceeding.

Moreover, we hold that a trial court is not required to give a defendant an affirmative advisement of his right to testify in a hearing to revoke a deferred judgment and sentence. Defendants in revocation proceedings are not entitled to the full range of constitutional guarantees afforded to defendants in criminal prosecutions. See *People v. Atencio,* 186 Colo. 76, 78, 525 P.2d 461, 462 (1974). In *Atencio,* we set forth the minimum requirements of due process at parole and probation revocation hearings. These are:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) [an] opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Atencio,* 186 Colo. at 78–79, 525 P.2d at 462 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973))

After our decision in *Atencio,* the United States Supreme Court noted in *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), that procedural due process rights include a defendant's right to testify in some extrajudicial proceedings like probation and parole revocation. See *Rock,* 483 U.S. at 51 n. 9, 107 S.Ct. 2704. However, the Court did not require that trial judges affirmatively advise defendants of their right to testify in those proceedings. See *id.* at 51–53, 107 S.Ct. 2704. In addition, that Court and our Colorado Court of Appeals have recognized that the procedural due pro-

---

**3.** In *People v. Curtis,* 681 P.2d 504 (Colo.1984), we held that in a criminal trial, the court must ascertain on the record whether a defendant's waiver of his right to testify is voluntary, knowing, and intelligent. *See Curtis,* 681 P.2d at 515.

cess rights of defendants in such proceedings are more limited than those of defendants who have not been convicted of a crime. See *Gagnon,* 411 U.S. at 789, 93 S.Ct. 1756; *People v. Kelly,* 919 P.2d 866, 867 (Colo.App. 1996). Therefore, we are not constitutionally required to extend the requirement of an affirmative advisement to such revocation proceedings.

Likewise, an affirmative advisement is not required by statute in Colorado. Pursuant to section 16–7–403(2), 6 C.R.S. (1998), a defendant in a proceeding to revoke a deferred judgment and sentence is provided with the same procedural safeguards as a defendant in a proceeding to revoke probation. See id. Section 16–11–206, 6 C.R.S. (1998), and rule 32(f) of the Colorado Rules of Criminal Procedure set forth the requirements for proceedings to revoke probation. Rule 32(f) requires, among other things, that on first appearance or at a commencement of the hearing, a court must inform the defendant that he need not make a statement and that if he does, the statement may be used against him. See Crim. P. 32(f) (applying Crim. P. 5(2)(I)). Nowhere in these provisions, rule 32(f) or sections 16–11–206 and 16–7–403, is language requiring that a trial court advise a defendant that he has a right to testify.

Moreover, the plain language of sections 16–11–206 and 16–7–403 indicates that the General Assembly intended to limit the rights of defendants in such revocation proceedings. For example, in a revocation hearing pursuant to section 16–11–206, if the alleged violation is not a criminal offense, the prosecution's burden of establishing a violation of a condition of probation is the preponderance-of-the-evidence standard and not the beyond-a-reasonable-doubt standard used in a criminal trial. See § 16–11–206(3). In addition, all probative evidence is admitted in such proceedings even though it might not have been admissible in the criminal trial. See id.; *Atencio,* 186 Colo. at 80, 525 P.2d at 463. Section 16–7–403 limits a defendant's rights in a hearing to revoke a deferred judgment and sentence to those provided in a proceeding to revoke probation. See § 16–7–403(2). We must give effect to the intent of the General Assembly. See *Farmers Ins. Exch. v. Bill Boom Inc.,* 961 P.2d 465, 469 (Colo.1998). Therefore, we hold that a trial court is not required to affirmatively advise a defendant of his right to testify in those proceedings.

■ In addition, we hold that reversal is not warranted because we find no error. During the exchange between Allen's defense counsel and the trial court, the trial court stated that an affirmative advisement was not required. Based on our holding today, the trial court's statement is correct. The trial court's next statement returned to the question of whether the defense wished to present any witnesses. In response, Allen's counsel stated that she had no witnesses. The record shows repeated unequivocal statements by the defense that it would call no witnesses and would rely solely on a legal argument. There is no evidence on the record and no claim by Allen that he wished to testify but was prevented from doing so.

Although one could infer from the exchange that Allen's defense counsel did not inform Allen that he had a right to testify, the record is not conclusive. Allen's defense counsel may have been talking about whether she should have such a conversation with Allen at that particular time in the trial and not suggesting that she had never informed Allen. We will not draw conclusions from an unclear record and place obligations on the trial judge when no affirmative advisement is required. Therefore, we do not find from this record that Allen was denied his right to testify. Consequently, reversal is not warranted.

### III.

■ In summary, we hold that in a hearing to revoke a deferred judgment and sentence the only advisement required is one on first appearance as set out in section 16–11–206. The trial court's failure to affirmatively advise Allen of his right to testify is not reversible error. Accordingly, we remand this case to the court of appeals to determine Allen's claim that the sixteen year sentence was excessive and constituted an abuse of discretion, that he was denied his right to allocution, and that the deferred judgment

and sentence must be vacated because it was predicated entirely on hearsay.