The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ivan D. JONES, Defendant–Appellant.

No. 97CA2040.

Colorado Court of Appeals, Div. II.

Dec. 9, 1999.

Certiorari Denied May 1, 2000.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

In *People v. Jones,* 985 P.2d 75 (Colo.App. 1999), we reversed an order denying a Crim. P. 35(c) motion filed by defendant, Ivan D. Jones. Thereafter, the supreme court granted the People's petition for certiorari, vacat-

ed the judgment, and remanded the cause to us for reconsideration in light of *Craig v. People,* 986 P.2d 951 (Colo.1999) and *Benavidez v. People,* 986 P.2d 943 (Colo.1999). Upon reconsideration, we now affirm.

As set forth in our earlier opinion, defendant was advised at the time of his 1994 plea of guilty to drug possession charges of the possible penalties, including a mandatory parole period, for the offenses to which he was pleading guilty. He was also advised that if he did not successfully complete the conditions of his sentence agreement, a complaint to revoke his deferred judgment and sentence could be filed and, if the allegations in the complaint were proven, he would stand convicted of the charges to which he had pled guilty.

Pursuant to a second plea agreement in 1996, defendant admitted violating the terms and conditions of the deferred judgment. The parties signed a written stipulation that defendant would be sentenced to "DOC: 2 years concurrent to [defendant's other case]." There was no mention of mandatory parole either in the written plea agreement or in the trial court's advisement upon acceptance of defendant's admission to the revocation complaint.

Defendant thereafter filed a Crim. P. 35(c) motion alleging that he had not been advised that he would face a three-year period of mandatory parole after completion of his two-year period of incarceration. Defendant asked the court to reduce his sentence to the two-year period he had bargained for and served. He did not seek leave to withdraw his guilty plea and did not allege that, had he known of the mandatory parole period, he would not have pled guilty to the revocation complaint.

Because the parties' second plea agreement included no reference to a term of parole, we concluded that such a term should not be read into the agreement. However, we further concluded that defendant was not entitled to the specific performance remedy that he had sought, but should instead be given the opportunity on remand to withdraw his plea of guilty to the revocation complaint.

■ In *Craig* and *Benavidez,* the supreme court held that, contrary to our construction of defendant's second plea agreement in this case, the mere absence of an explicit reference to mandatory parole in a description of a plea agreement does not warrant construction of the agreement as eliminating the application of the mandatory parole term. On the contrary, in the absence of express language indicating that the parties actually agreed to eliminate or circumvent the parole requirement, courts are to construe an agreement for a term of years to the Department of Corrections to refer to the imprisonment component of a sentence only.

■ Accordingly, in this case, the stipulation in the second plea agreement to "2 years DOC" cannot be read as an agreement to eliminate the three-year mandatory parole term following incarceration, and defendant was thus not entitled to specific performance of that agreement as requested in his Crim. P. 35(c) motion.

■ *Craig* and *Benavidez* also mandate inquiry into whether the defendant was sufficiently advised of the mandatory parole requirement to establish that he or she entered a guilty plea with the requisite knowledge of its consequences. Assuming this inquiry is required here notwithstanding defendant's failure to argue in his Crim. P. 35(c) motion that his guilty plea was unknowing or involuntary, we conclude that defendant was adequately advised of the mandatory parole requirement.

Under *Craig* and *Benavidez,* resolution of this issue requires consideration of whether the record as a whole shows that the defendant was given sufficient notice of the mandatory parole requirement. Here, as noted, defendant was advised concerning mandatory parole at the time of his original guilty plea. He initialed a paragraph in his Crim. P. 11 advisement acknowledging: "I know that I could be required to serve up to five years on parole after serving a sentence." At the original providency hearing, the court advised him that the possible sentence for the felony to which he was pleading guilty included "a mandatory period of parole of three years." Defendant responded in the affirmative when the court immediately thereafter

asked whether he understood the possible penalties.

Thus, defendant was sufficiently advised at the time of his initial guilty plea of the term of parole, its length, and the fact that it was mandatory. Although the advisement was not repeated in connection with his second guilty plea to the revocation complaint, there is nothing in the record to indicate that either the court or counsel suggested to him at the time of his second plea that the mandatory parole of which he had previously been advised would not apply in his case. *See Benavidez v. People, supra.*

In his brief on remand, defendant argues that, under *Benavidez*, the initial advisement was not relevant; rather, a reviewing court is to focus only on the final agreement and advisement given in connection with the plea of guilty to the revocation complaint. We do not read *Benavidez* as requiring us to disregard the initial advisement in this case.

In *Benavidez*, the supreme court's statements regarding the need to focus on the final agreement were made in a different context. Specifically, the court was rejecting the defendant's argument that deficiencies in the initial advisement were relevant to determining whether he was adequately advised regarding mandatory parole in connection with a subsequent plea agreement. Here, by contrast, the issue is whether we may consider a proper and sufficient initial advisement in determining whether defendant was adequately advised regarding mandatory parole when he subsequently pled guilty to the revocation complaint. In light of the supreme court's admonition that we are to consider the record as a whole, we conclude that we may take into account the initial advisement in resolving this issue. *See also People v. Allen,* 973 P.2d 620 (Colo.1999) (where defendant was advised of right to testify on first appearance, trial court was not required to readvise him of that right at hearing to revoke deferred judgment).

Accordingly, upon consideration of the record as a whole, we conclude that defendant was adequately advised regarding mandatory parole.

Because the record demonstrates that defendant was not entitled to the relief requested in his Crim. P. 35(c) motion, the trial court did not err in denying his motion without a hearing. *See People v. Breaman,* 939 P.2d 1348 (Colo.1997).

 The mittimus in this case does not reflect the required term of mandatory parole. Therefore, it is necessary to remand the cause to the trial court with directions to correct the mittimus to so reflect. *See Craig v. People, supra.*

The order is affirmed and the cause is remanded with directions to correct the mittimus.

Judge CRISWELL and Judge CASEBOLT, concur.