**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Matthew Wayne WRIGHT, Defendant–Appellant.**

No. 99CA0287.

Colorado Court of Appeals, Div. III.

Jan. 3, 2002.

Rehearing Denied Feb. 21, 2002.

Certiorari Denied Sept. 16, 2002.

Ken Salazar, Attorney General, Linda K. Baker, Special Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Matthew Wayne Wright, appeals the trial court's order denying his postconviction motion challenging the length of his sentence to prison and mandatory parole. We affirm.

Defendant pleaded guilty, in two separate cases, to first degree criminal trespass and second degree burglary. Defendant was sentenced to probation in both cases.

A complaint was subsequently filed alleging that defendant had violated the conditions of his probation. At the hearing on that complaint, defense counsel informed the court that the parties had reached an agreement whereby defendant would admit the allegations of the probation complaint in exchange for the prosecution's stipulation to a "cap of ten years" as the "maximum sentence [that the court] could impose." The trial court accepted defendant's admission to the complaint without orally advising him of the possible penalties. Defendant did not execute a written advisement, and the parties did not reduce their sentence agreement to writing.

The trial court sentenced defendant and issued a mittimus in the burglary case indicating that defendant was sentenced to ten years in the custody of the DOC "plus parole as authorized by C.R.S. § 18–1–105(1)(a)(V)(A)." Under that provision, the class three felony for which defendant was convicted carries a five-year period of mandatory parole. The trial court also sentenced defendant and issued an amended mittimus in the trespass case indicating that defendant was to serve a concurrent sentence of three years in the custody of the DOC "plus" a two-year period of mandatory parole as required by § 18–1–105(1)(a)(V)(A).

Defendant then filed a Crim. P. 35(a) motion alleging, among other allegations, that his sentence was illegal because the trial court failed to advise him concerning mandatory parole at the time he admitted the probation violation. The trial court denied the motion, and this appeal followed.

At defendant's request, this court ordered a limited remand to the trial court so that it could consider defendant's request for specific enforcement of the plea agreement.

Upon remand, defendant filed a motion for specific enforcement of the plea agreement in which he argued that, at the time he pleaded

guilty to the probation complaint, he believed that the ten-year "cap" included the five-year period of mandatory parole. In support of this motion, defendant filed an affidavit verifying that, when he originally pleaded guilty to the charges, he was "informed that the charges carried five years of mandatory parole." The transcripts of those providency hearings are not part of the record on appeal.

The trial court again denied relief, concluding that the record established that the parties had intended that the ten-year "cap" set the maximum length for the DOC component of defendant's sentence.

## I.

Defendant contends that his guilty plea to the probation complaint was invalid because the trial court neglected to readvise him that he would be required to serve a five-year period of mandatory parole. We are not persuaded.

Initially we note that defendant's motion, while entitled a motion pursuant to Crim. P. 35(a), makes claims that are properly brought under Crim. P. 35(c), and we treat it accordingly. *See People v. Green*, 36 P.3d 125 (Colo.App.2001).

■ In *People v. Jones*, 997 P.2d 1286, 1288 (Colo.App.1999), the defendant pleaded guilty pursuant to a deferred judgment and sentence agreement, at which time he was advised of the term of mandatory parole, its length, and the fact that it was mandatory. However, when the defendant subsequently entered a guilty plea to a revocation complaint pursuant to a stipulation for "2 years DOC," the trial court did not readvise him of the mandatory parole period. On appeal, a division of this court rejected the defendant's challenge to the validity of his second plea. Relying on *Craig v. People*, 986 P.2d 951 (Colo.1999), and *Benavidez v. People*, 986 P.2d 943 (Colo.1999), the division held that determination of the adequacy of the mandatory parole advisement required consideration of the record as a whole, including the initial advisement at the time defendant pleaded guilty to the charges.

We find the analysis of *Jones* to be persuasive. Because we perceive no distinction between the procedures governing revocation of a deferred judgment and those pertaining to revocation of probation, we elect to follow *Jones* here. *Compare* § 16–11–206, C.R.S. 2001, *with* § 16–7–403, C.R.S.2001. In so doing, we note that *Jones* specifically rejected the argument, put forth by defendant in this case, that consideration of the original mandatory parole advisement is foreclosed by the supreme court's decision in *Benavidez v. People, supra*.

■ Therefore, we conclude that the record as a whole, including the advisement given at the time a defendant pleaded guilty to the charge, must be considered in determining whether the defendant was adequately advised concerning mandatory parole at the time he pleaded guilty to a complaint alleging a violation of probation.

Here, as set forth above, defendant filed an affidavit in which he admitted that he was advised of the mandatory parole period when he initially pleaded guilty to the charges. Defendant has failed to provide a record of the providency hearings at the time he pleaded guilty to the charges, and therefore we must assume he was properly advised. *See People v. Lawrence*, 55 P.3d 155 (Colo.App. 2001). The record as a whole demonstrates that defendant was properly advised and thus was not entitled to the relief requested in his postconviction motion.

Accordingly, we conclude the trial court did not err in denying the motion without a hearing. *See People v. Jones, supra.*

## II.

Defendant also contends that the stipulation for a ten-year "cap" was an agreement for a five-year period of mandatory parole and a maximum DOC sentence of five years. We disagree.

■ The proper interpretation of a plea agreement is "strictly a question of law." *St. James v. People*, 948 P.2d 1028, 1030 (Colo. 1997).

In *Craig v. People, supra*, the defendant argued that a sentence of "5 years D.O.C." specified in the plea documents denoted only

two years of imprisonment plus three years of mandatory parole. The supreme court rejected this argument, reasoning that the defendant's interpretation of the plea agreement was unreasonable and unsupported by the circumstances surrounding its execution. The court held that, "[b]ecause the parties would not ordinarily negotiate and include mandatory parole in their agreement, their silence on this topic simply does not render the agreement ambiguous." *Craig v. People, supra,* 986 P.2d at 962. In concluding that the stipulation for a five-year sentence pertained only to the imprisonment component of the defendant's sentence, the court in *Craig* also relied on the fact that the plea agreement in that case specifically stated that the five-year sentence was to the "D.O.C."

■ Here, the parties' plea agreement for a ten-year "cap" did not make specific reference to the DOC, and, in accepting defendant's admission to the probation complaint, the trial court did not make any statement to that effect. Nevertheless, we conclude that, under *Craig,* the absence of any reference to mandatory parole in defense counsel's description of the plea agreement is sufficient support for the trial court's finding that the parties' agreement to a ten-year cap did not include the five-year mandatory parole period. As stated in *Craig,* it would be unusual for the parties to include mandatory parole in their plea agreement. Thus, defendant's admitted understanding of the mandatory parole requirement and the lack of any indication in the record that the parties' negotiations included the issue of mandatory parole support the trial court's conclusion.

Therefore, we conclude that the trial court did not err in finding that the mandatory parole period was not included in the sentence "cap."

The order is affirmed.

Judge JONES and Judge ROTHENBERG concur.