The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kevin TURLEY, Defendant–Appellant.

No. 03CA0845.

Colorado Court of Appeals, Div. IV.

Oct. 21, 2004.

Certiorari Denied April 18, 2005.*

Ken Salazar, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Kevin Turley, appeals the trial court's order revoking his probation. We affirm.

Defendant was sentenced to three years of probation and ordered to pay approximately $10,000 in costs and restitution. Defendant was also ordered to report to his probation officer as directed and to comply with any

* Justice KOURLIS does not participate.

requirements imposed by the probation officer in furtherance of the court's sentence.

Shortly thereafter, the probation department filed a complaint alleging defendant had failed to contact his probation officer as directed and had failed to make restitution payments.

At the ensuing hearing, a probation officer testified—based on the documents contained in defendant's probation file—that defendant had committed the violations alleged in the complaint. The probation officer lacked personal knowledge of defendant's noncompliance, but defendant had the opportunity to cross-examine the probation officer concerning the documentary record.

The trial court found the People had sustained their burden of proving the violations by a preponderance of the evidence. Accordingly, the court revoked defendant's probation and resentenced him to community corrections.

Defendant then filed this appeal, challenging the revocation on the ground that the People had failed to present the testimony of a probation officer who had personal knowledge of the alleged violations. While this appeal was pending, the United States Supreme Court announced *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which abrogated the well-established two-prong test of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), for determining whether the admission of hearsay testimony at trial violates a defendant's constitutional right of confrontation. *See People v. Fry*, 92 P.3d 970 (Colo.2004). In light of this development, we requested supplemental briefs addressing the question of what implications, if any, *Crawford* has on the resolution of the issues before us.

■ Prior to the announcement of *Crawford*, it was well established that, because a probationer is not entitled to the full range of constitutional guarantees available to one not yet convicted of a crime, a probation violation could be established by hearsay testimony so long as the offering witness was subject to cross-examination. *See* § 16–11–206(3), C.R.S.2004 ("Any evidence having probative value shall be received regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut hearsay evidence."); *People v. Moses*, 64 P.3d 904, 907–08 (Colo. App.2002). Thus, the question before us is whether *Crawford* changes the settled principles governing admission of hearsay in probation revocation proceedings. We conclude that it does not.

■ To the extent probationers have a right of confrontation in probation revocation proceedings, this right flows entirely from the Due Process Clause of the Fourteenth Amendment. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974). The rule of *Crawford*, in contrast, is based entirely on the Confrontation Clause of the Sixth Amendment and the historical underpinnings of that provision relating to criminal trials. Accordingly, we conclude *Crawford* did not alter the rules for probation revocation proceedings. *See United States v. Barraza*, 318 F.Supp.2d 1031 (S.D.Cal.2004) (tracing the development of the due process principles enunciated in *Gagnon v. Scarpelli, supra*, and *Morrissey v. Brewer, supra*, and holding that the *Crawford* rule does not apply in supervised release revocation proceedings because the right of confrontation at such hearings is based on the Due Process Clause, not the Confrontation Clause); *People v. Johnson*, 121 Cal.App.4th 1409, 18 Cal.Rptr.3d 230, 232 (2004).

■ The record demonstrates that defendant was given a fair opportunity to rebut the hearsay testimony and cross-examine the witness through whom it was introduced. Accordingly, we conclude that defendant's constitutional right to procedural due process was not denied by the trial court's reliance on hearsay testimony.

The order is affirmed.

Judge KAPELKE and Judge GRAHAM concur.