## No. 26286

### The People of the State of Colorado v. Eloy Joseph Trujillo

(539 P.2d 1234)

Decided August 5, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

In 1972, defendant Trujillo entered a plea of nolo contendere to a charge of burglary, and was granted probation on terms and conditions set forth by the trial court. His probation was revoked on October 12, 1973 following a hearing on the probation department's petition which alleged a violation of one of the conditions of probation. He was sentenced to the penitentiary. On this appeal, the defendant's only assertion is that the trial court's finding that he had violated one of the conditions of probation is not supported by sufficient evidence. We hold otherwise and therefore affirm the judgment of the trial court.

The revocation petition alleged that the defendant violated the following condition of probation, which required that he shall

" . . . not purchase, own nor have in his possession a rifle, shot gun, or revolver or any other weapon, either in his home, in his automobile or on his person without permission of his probation officer."

The following is a summary of the evidence presented at the revocation hearing. On September 22, 1973, James Dunhill and his wife were leaving the Blue Goose Tavern in Denver when a car tried to run Mrs. Dunhill down. The driver said something to Mrs. Dunhill, and when Dunhill objected to the language, the driver got out of the car, stabbed him in the stomach, and started to flee. Dunhill gave chase and forced him to the

ground, when another man pulled him off. Dunhill then saw this other man, who was holding a small silver revolver with pearl handles in his hand. The two men ran away and Dunhill, weakened by the stab wound, returned to the Blue Goose Tavern.

Shortly afterwards, the police arrived, questioned witnesses, and then went to the nearby house owned by defendant's sister-in-law, Mrs. Trujillo, and used by defendant as his residence. Inside the house, the police located the defendant and several other persons. Mrs. Trujillo, after questioning by the police, produced a loaded automatic pistol with white handles.

The police officer then went immediately to the hospital where Mr. Dunhill was being treated. He identified the pistol as the one he saw in the hand of his second assailant. The next morning, Dunhill was shown a series of seven photographs, from which he identified the two assailants. The defendant was identified as the person who had menaced him with the gun.

At the hearing, Dunhill was unable to positively identify the defendant as the person who had stood over him with the pearl-handled revolver in his hand. However, testimony established the defendant had cut his hair, which significantly altered his appearance. Because of Mr. Dunhill's inability to identify the defendant at the hearing, the earlier photographic identification was introduced into evidence.

The failure of Dunhill to positively identify the defendant at the revocation hearing is the main point of the defendant's argument, namely, that the evidence is insufficient, as a matter of law, to establish the violation of the probation condition.

■ The prosecution has the burden of establishing by a preponderance of the evidence the violation of a condition of probation. Colo. Sess. Laws 1972, ch. 44, 39-11-206(3) at 246.[1]

■ The Supreme Court of California, confronted with a similar instance in which the changed appearance of the defendant made it difficult for the eyewitness to make an in-court identification, stated:

"Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at the trial . . . but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached . . . evidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind." *People v. Gould*, 54 Cal.2d 621, 354 P.2d 865, 7 Cal. Rptr. 273 (1960).

---

[1]Now section 16-11-206(3), C.R.S. 1973.

The above rationale is fully applicable here. *See also Young v. United States*, 132 U.S. App. D.C. 257, 407 F.2d 720 (10th Cir. 1969), *cert. denied*, 394 U.S. 1007, 89 S.Ct. 1608, 22 L.Ed.2d 786.

The record here reveals convincingly that the trial judge's finding that the defendant violated his probation, is supported by adequate evidence.

The defendant testified that he was not one of Dunhill's assailants and that he was asleep in his residence when the assault on Dunhill occurred. Because of this conflict in the evidence, defendant also claims that insufficiency must be found by this court on appeal.

This finding that probation has been violated will not be disturbed merely because there is a conflict in the evidence. The trial judge who heard the testimony of all the witnesses is in a far better position to weigh the evidence than this court on review.

A reviewing court should never substitute its judgment for that of a trial court unless the trial court's judgment is contrary to the manifest weight of the evidence. Conflicting evidence alone is never a justification for disturbing a trial court's judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.