599 P.2d 957 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Ronald THOMAS, Defendant-Appellant.
No. 78-807.
Colorado Court of Appeals, Div. III.
May 10, 1979.
Rehearings Denied June 14, 1979.
Certiorari Denied August 27, 1979.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colo. State Public Defender, Denver, Richard D. Irvin, Deputy State Public Defender, Boulder, for defendant-appellant.
BERMAN, Judge.
Defendant pled guilty to third-degree sexual assault, and was sentenced to ninety days imprisonment and placed on probation for two years. He brings this appeal from an order of the trial court revoking his probation. We reverse and remand for a new hearing.
The petition to revoke defendant's probation alleged that defendant had violated the terms of his probation by stealing forty dollars from a Denver Post newspaper rack. The only witness at the hearing on the petition was defendant's probation officer. He testified that defendant was employed by a Denver Post distributor in Longmont, Colorado and that during his probation defendant had been living at his employer's home. The probation officer further testified *958 that he had been advised by defendant's employer, in a telephone conversation, that defendant had stolen forty dollars from a newspaper rack and had admitted taking the forty dollars. Defendant presented no evidence and his objections to the hearsay nature of the probation officer's testimony were overruled by the trial court. There was no evidence as to why the employer was not at the hearing.
Defendant contends here that the hearsay testimony of the probation officer was insufficient as a matter of law to sustain the revocation of his probation, and that his right to due process was violated because he was not afforded an opportunity to confront and cross-examine his employer. We agree with the latter contention.
A probationer at a revocation hearing is entitled to certain minimum requirements of due process, including "`the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). . ..'" People v. Atencio, 186 Colo. 76, 525 P.2d 461 (1974) (emphasis added). See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In this case, the probation officer had no personal knowledge of the alleged crime, and therefore, the adverse witness was, in effect, defendant's employer. See Hill v. State, Ala.App., 350 So.2d 716 (1977). Since defendant was unable to confront and cross-examine his employer, we must determine whether the "unless" clause, quoted above, is applicable.
The trial court made no express finding as to good cause for not allowing confrontation, and, even assuming, arguendo, that an express finding is not required, see State v. Brown, 23 Ariz.App. 225, 532 P.2d 167, aff'd, 112 Ariz. 29, 536 P.2d 1047 (1975), there is no evidence in the record which would support an implied finding of good cause. As noted above, there was no evidence presented as to why defendant's employer was not at the hearing. See State v. Miller, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975).
Nor do we agree with the People's contention that the hearsay was so reliable as to provide the requisite "good cause." The evidence was not within any recognized hearsay exception, and, given the lack of evidence as to why defendant's employer was not present, we cannot say that "the circumstances warrant[ed] its use." State v. Brown, supra. The cases relied on by the People are inapplicable because they all involve the use of reliable documents such as criminal court records and laboratory reports. None of these "conventional substitutes for live testimony," Gagnon v. Scarpelli, supra, were used here.
We also disagree with the argument made by the People that, by analogy to the "citizen-informant" rule, see People v. Saars, Colo., 584 P.2d 622 (1978), the information obtained from defendant's employer should be "presumed reliable." The presumption of reliability of a citizen-informant results merely in arrest, while the application of the doctrine to someone such as defendant's employer here would result in the revocation of probation and incarceration. These extremely different consequences convince us that the rule should not be extended in this manner.
We recognize that, under § 16-11-206(3), C.R.S.1973, "[a]ny evidence having probative value" is admissible at a probation revocation hearing. The statute also provides, however, that the defendant must have "a fair opportunity to rebut hearsay evidence." The required "fair opportunity" is lacking in a case such as this, where the only witness to testify had no knowledge of the underlying circumstances.
Nor is the requirement met by the fact that defendant could have taken the stand and denied the accusation. As recognized in People v. Green, 38 Colo.App. 165, 553 P.2d 839 (1976), a defendant's own statement, "`by reason of his interest in the result of the trial, may be, and often is, looked upon by the [fact finder] with some degree of suspicion.'"
Because of our disposition of this case, we need not address defendant's other argument *959 that hearsay alone can never be sufficient to prove guilt beyond a reasonable doubt. See People v. Carr, 185 Colo. 293, 524 P.2d 301 (1974).
The order is reversed and the cause remanded for a new hearing in accordance with the views expressed herein.
RULAND and KELLY, JJ., concur.