The PEOPLE of the State of Colorado, Plaintiff–Appellee, In the Interest of T.M.H., a Child, Minor Child–Appellant.

No. 90CA0893.

Colorado Court of Appeals, Div. II.

Aug. 29, 1991.

Rehearing Denied Nov. 21, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Andrew A. Saliman, Deputy State Public Defender, Pueblo, for minor child-appellant.

Opinion by Judge CRISWELL.

T.M.H., a juvenile who was placed on probation after being declared a delinquent, appeals from the order of the district court revoking his probation. He argues, among other things, that his constitutional and statutory rights to procedural due process of law were denied because the revocation order was based solely upon hearsay testimony which he was given no fair opportunity to rebut. We agree and reverse the order of parole revocation.

T.M.H. was declared a delinquent and placed on probation. He was placed in the physical custody of the Department of Social Services, and at the time of the events subject to review here, he was a resident of the Colorado State Hospital. The People's petition to revoke his probation alleged that, while a resident at the hospital, T.M.H. had stolen items belonging to three different individuals.

The only evidence presented by the People at the revocation hearing to prove these thefts was the testimony of a security officer employed at the hospital. His testimony consisted, almost entirely, of hearsay. He said that he was directed by other persons to the room to which T.M.H. was assigned where, by enlarging a hole in the mattress of the bed in this room, he discovered an electronic game board, magazines, and other items of personal property. He testified that he had no personal knowledge with respect to the ownership of these

items, their value, or how they came to be in this mattress. Further, the security officer's testimony makes it unclear whether he knew that T.M.H. resided in the room involved or whether he had simply been told by someone else that it was T.M.H.'s room.

In any event, although the trial court failed to make any findings with respect to the unavailability of any persons who might have personal knowledge of the essential facts, this witness was allowed to repeat conversations he had held with one of the alleged owners of some of the personal property and with another hospital employee. The substance of these conversations was that T.M.H. had taken certain of the items without the owner's permission and that he had, on previous occasions, secreted items inside the mattress where this property was found.

■ Although the People's petition referred to three different owners, the witness' testimony referred only to one of them. However, based on this testimony, the court found, beyond a reasonable doubt, that T.M.H. was "involved in the theft" of property and that the People had, therefore, sustained their burden of proving that he had violated the conditions of his probation. We conclude, however, that basing such a finding upon the hearsay evidence presented violated T.M.H.'s right to procedural due process of law.

In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court determined that a convict placed on parole enjoys the "core values of unqualified liberty." Thus, termination of this parole status affects a "liberty interest" which may be accomplished only by procedures meeting the due process requirements of the Fourteenth Amendment. ·

■ While these procedures need not observe the "full panoply" of rights that may be invoked in pre-conviction criminal proceedings, they must respect certain fundamental rights. One of the rights that must be protected is the right to a pre-revocation evidentiary hearing. And, in such a hearing, the parolee must be granted the "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for' not allowing confrontation)." *Morrissey v. Brewer, supra.*

■ This same due process is required to be observed in proceedings that may lead to the revocation of probation. *People v. Atencio,* 186 Colo. 76, 525 P.2d 461 (1974); *People v. Thomas,* 42 Colo.App. 441, 599 P.2d 957 (1979).

In addition, the Colorado General Assembly has prescribed statutory procedures that must be followed. Such procedures require that, if the claimed basis for the requested revocation is the commission of a separate crime for which the probationer has not yet been convicted, the People's evidence that the probationer committed the offense must be weighed in accordance with the reasonable doubt standard. Section 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A).

This statute authorizes the receipt of hearsay evidence only if the probationer is accorded a "fair opportunity to rebut" it.

In *People v. Thomas, supra,* a case bearing a striking similarity to the one at bar, a division of this court held that the requirements of *Morrissey v. Brewer* are not met, and a denial of procedural due process therefore results, if the only evidence of the probationer's commission of the separate crime consists of the hearsay statements of an alleged victim repeated by an investigating officer and if (1) there is no explanation given for the failure of witnesses having personal knowledge to testify and (2) the trial court fails to make the specific finding of good cause to deny confrontation referred to in *Morrissey v. Brewer.*

In making this determination, the *Thomas* court distinguished between hearsay consisting of court records, laboratory reports, and other reliable documentary evidence from hearsay of the type involved here. We conclude, based on the reasoning in *Thomas,* that, if the only witness lacks personal knowledge of the essential incriminating facts, the probationer cannot be

provided the "fair opportunity to rebut" such hearsay testimony that the statute requires.

Hence, we regard the *Thomas* rationale to be dispositive of the issue raised here.

It is true that, on its face at least, the supreme court's 1969 opinion in *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969), appears to be inconsistent with *Thomas,* which was decided in 1979. However, *Holdren* was decided before the specific delineation of rights promulgated in *Morrissey v. Brewer.* In addition, that opinion was issued before the adoption of § 16–11–206(3). *Thomas* was decided after *Morrissey v. Brewer* was announced and after the statute was adopted, and the ultimate conclusion of *Thomas* was grounded upon these two later developments.

Further, we do not consider the recent decision in *People v. White,* 804 P.2d 247 (Colo.App.1990), to dictate a different result. There, a parolee's status as such was revoked based upon his attempted cashing of an altered check. The face of the check itself disclosed its alteration, and there was direct evidence from an eyewitness that defendant had possession of the same and attempted to cash it. The only hearsay relied upon was a statement by the maker confirming that the check had been issued in its original, unaltered amount. Thus, in *White,* unlike the evidence here, the essential incriminating facts were established both by witnesses with first-hand knowledge who were made available for cross-examination and by reliable documentary evidence similar to that described in *Thomas.*

Here, in contrast, the essential incriminating fact alleged was that T.M.H. took the property of another hospital resident without that resident's permission or consent, intending to deprive that resident of such property. But, the establishment of these facts depended upon that other resident's statements and his credibility and reliability, and he was not presented for cross-examination, nor did the trial court specifi-

cally determine that good cause existed to deny T.M.H.'s right to confront this witness. Under such circumstances, *Thomas* requires the conclusion that T.M.H. was not given a fair opportunity to rebut that other resident's statements pursuant to his statutory right to do so.

Because of our disposition of this claim of error, we need not decide whether fair notice of the People's petition was given to T.M.H.

The order of the trial court revoking T.M.H.'s probation is reversed.

SMITH and SILVERSTEIN *, JJ., concur.