The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Maurice **KELLY,** Defendant–Appellant.

No. 95CA0719.

Colorado Court of Appeals, Div. IV.

March 21, 1996.

Rehearing Denied April 25, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, C. Keith Pope, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Maurice Kelly, appeals the trial court's order revoking his sentence to probation. We affirm.

Defendant entered a guilty plea in Adams County to attempted sexual assault on a child and was placed on probation for a period of four years. Shortly after sentencing, defendant's case was transferred from the Adams County probation department to the Denver County probation department because he had been sentenced to probation in another case in Denver County. Within two months of defendant's sentencing in this case, a complaint for revocation of probation was filed alleging that he had failed to report to the Denver probation department as directed and that he had therefore not complied with the terms and conditions of his probationary sentence in the Adams County case, including the requirements that he undergo drug and alcohol evaluations, perform community service work, and participate in offense specific treatment.

Defendant's Adams County probation officer was the only witness who testified at the hearing on the complaint. He admitted that he had no personal knowledge of defendant's failure to report to the Denver probation officer, but testified over defendant's objection that the Denver probation officer had reported that defendant had failed to contact the probation department despite having been instructed to do so.

Based on this testimony, the trial court found that the prosecution had proved by a preponderance of the evidence that defendant had violated the terms and conditions of his probation by failing to report to his Denver probation officer. The court thereafter revoked defendant's sentence to probation and re-sentenced him to a 30–month prison term.

On appeal, defendant contends that the revocation of his probation based solely upon hearsay evidence violated his constitutional rights to due process and confrontation. We disagree.

Section 16–11–206(3), C.R.S. (1986 Repl. Vol. 8A) states:

... the prosecution has the burden of establishing by a preponderance of the evidence the violation of a condition of probation; except that the commission of a criminal offense must be established beyond a reasonable doubt unless the probationer has been convicted thereof in a criminal proceeding....

The violation here did not consist of the commission of a crime; thus, the burden of proof was preponderance of the evidence.

While the defendant is entitled to certain procedural due process rights at a probation revocation hearing, he is not entitled to the full panoply of constitutional guarantees available to one who has not been convicted of a crime. *People v. Wilkerson,* 189 Colo. 448, 541 P.2d 896 (1975). Among the fundamental rights that must be protected, however, are the probationer's due process rights to a hearing and to confront and cross-examine witnesses. *People in Interest of T.M.H.,* 821 P.2d 895 (Colo.App.1991).

Defendant concedes that, in the context of a probation revocation hearing, § 16–11–206(3) provides in pertinent part that:

Any evidence having probative value shall be received regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut hearsay evidence.

■ In this statute, the General Assembly expressed its intent to have all probative evidence considered at the revocation hearing, even if that evidence would be excluded in a criminal trial. *See People v. Atencio,* 186 Colo. 76, 525 P.2d 461 (1974). Thus, a trial court is not bound by the strict rules of evidence during a probation revocation hearing. *People in Interest of C.J.W.,* 727 P.2d 870 (Colo.App.1986).

■ This case is distinguishable from *People in Interest of T.M.H., supra,* and *People v. Thomas,* 42 Colo.App. 441, 599 P.2d 957 (1979), upon which defendant relies. Specifically, the violations of probation in *T.M.H.* and *Thomas* were based on the defendants' alleged commission of crimes which had not yet been adjudicated. Here, in contrast, the basis for the revocation of defendant's probation was his failure to report to his probation officer. Thus, in *T.M.H.* and *Thomas,* the prosecution's burden of proof was beyond a reasonable doubt, rather than the preponderance of the evidence standard applicable here. *See* § 16–11–206(3).

Further, the probation officer was subject to cross-examination regarding the hearsay evidence he offered, and defendant was given an opportunity to present his own witnesses and to testify on his own behalf. *See Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969). Thus, defendant was afforded a fair opportunity to rebut the evidence presented at the revocation hearing, but did not do so.

Finally, defendant does not deny that he failed to comply with the terms of his probation. Indeed, he admitted at his re-sentencing hearing that he had failed to report to his probation officer as directed.

Under these circumstances, we conclude that the trial court properly admitted the hearsay testimony and that defendant was afforded his rights to due process and confrontation.

The order is affirmed.

MARQUEZ and KAPELKE, JJ., concur.