The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Timothy MOSES, Defendant–Appellant.

No. 01CA0293.

Colorado Court of Appeals, Div. V.

Sept. 26, 2002.

Certiorari Denied March 10, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Timothy Moses, appeals from a district court order revoking his probation. We affirm.

Defendant originally was charged with first degree sexual assault, intimidation of a crime victim, criminal extortion, and violation of a restraining order. Pursuant to a plea agreement, defendant entered a guilty plea to second degree sexual assault, other counts were dismissed, and he was sentenced to ten years to life on intensive supervised probation plus eighteen months of work release.

The probation officer conducted an intake with defendant, at which defendant signed the conditions of his probation, including the following:

1. You shall not violate any local, state or federal law.

. . . .

13. You shall not use alcohol or use unlawfully any controlled substance or other dangerous or abusable drug or substance.

14. You shall submit to substance testing at the direction of the probation officer, and it may be at your expense.

Two weeks later, defendant submitted to a urinalysis, and the urine sample tested positive for cocaine. The probation officer counseled defendant concerning cocaine use, warned him that subsequent positive tests could result in revocation of the probation, and offered assistance if defendant had a problem. Defendant declined any assistance.

Four days after the first test, another urine sample was collected from defendant and submitted for analysis. The report concluded that the sample was water, not urine. The probation officer advised defendant that he was going to treat the second report as a positive report, and he filed a petition to revoke the probation.

Defendant's probation officer was the only witness who testified at the revocation hearing. During the early part of the probation officer's testimony, defendant objected to the hearsay nature of the evidence and, while acknowledging that hearsay evidence was admissible at a probation revocation hearing, continued his objection that hearsay evidence alone was not sufficient.

Following the hearing, the district court concluded that the state had established by a preponderance of the evidence that defendant had violated conditions thirteen and fourteen of probation. The court sentenced him to a term of two years to life in the Department of Corrections.

## I.

Defendant contends that because the act relied upon for revocation was a criminal offense, the district court erroneously applied a preponderance of the evidence standard of proof to his probation revocation proceedings. We disagree.

■ Statutory interpretation and the proper legal standard for making a factual determination are matters of law reviewed de novo. *See People v. Romero*, 953 P.2d 550 (Colo.1998); *Robles v. People*, 811 P.2d 804 (Colo.1991).

■ Probation is a privilege, not a right, and may be revoked if a probationer violates any condition of an order of probation. *See People v. Ickler*, 877 P.2d 863 (Colo.1994).

As pertinent here, § 16–11–206(3), C.R.S. 2002, specifies the applicable standards of proof:

At the [probation revocation] hearing, the prosecution has the burden of establishing by a preponderance of the evidence the violation of a condition of probation; except that the commission of a *criminal offense* must be established beyond a reasonable doubt unless the probationer has been convicted thereof in a criminal proceeding. (emphasis added)

*See* Crim. P. 32(f)(3) (containing almost identical language); *see also People v. Ickler, supra; People v. Ressin*, 620 P.2d 717 (Colo. 1980); *People v. Carpenter*, 885 P.2d 334 (Colo.App.1994); *People in Interest of T.M.H.*, 821 P.2d 895 (Colo.App.1991).

Here, we are presented with the question of which burden of proof applies when a probationer's alleged violation of a specifically enumerated condition of probation might in and of itself constitute a criminal offense. We conclude that the preponderance standard applies.

■ Courts must afford statutory language its ordinary and common meaning to effectuate legislative intent, giving effect to

every term and provision while harmonizing potentially conflicting provisions, if possible. *See Medina v. State*, 35 P.3d 443 (Colo.2001); *Benz v. People*, 5 P.3d 311 (Colo.2000).

■ Section 16–11–204(1), C.R.S.2002, establishes as a mandatory condition of probation that "the defendant not commit another *offense* during the period for which the sentence remains subject to revocation" (emphasis added). That condition, although phrased differently, was imposed upon defendant as the first condition of his probation.

Section 16–11–204(2)(a), C.R.S.2002, lists several discretionary "conditions of probation" that a court may impose. These conditions include, inter alia, that the probationer "[r]efrain from … any unlawful use of controlled substances, as defined in section 12–22–303(7), C.R.S., or of any other dangerous or abusable drug without a prescription." Section 16–11–204(2)(a)(VIII), C.R.S.2002.

Section 16–11–206(3) states that the prosecution must establish a violation of a condition of probation by a preponderance of the evidence, except that the prosecution must prove "the commission of a *criminal offense* " beyond a reasonable doubt (emphasis added).

To read § 16–11–204(1) harmoniously with § 16–11–206(3), we conclude that § 16–11–206(3) does not require proof beyond a reasonable doubt when it is alleged that a specific and discretionary condition has been breached, even though the breaching conduct may also be a criminal offense. Thus, § 16–11–206(3) provides that when the basis of revocation is a defendant's violation of a condition of probation, which includes the conditions contemplated by the legislature in § 16–11–204(2), the applicable standard of proof is a preponderance of the evidence.

■ Further, proof of a criminal offense requires the proof of all of the elements of the offense as established by the governing statute. Proof of the breach of a condition of probation specifying prohibited conduct may not require the proof of all of the elements of a parallel criminal offense.

A probationer's violation of the conditions of probation serves as an indication that he or she is either unwilling to rehabilitate or incapable of reintegration into society at that point, and remedial action by the court might be necessary in the interest of the probationer and society. In light of the goals of probation, and the fact that probation is a privilege, the lower standard of proof is all that is required. *See People v. Ressin, supra; see also State v. Donovan*, 305 Or. 332, 751 P.2d 1109 (1988)(because probation revocation hearings do not usually adjudicate guilt or innocence of a criminal offense, the burden of proof is the lower standard of preponderance of the evidence).

Our conclusion here is consistent with *People v. Trujillo*, 189 Colo. 206, 539 P.2d 1234 (1975), and *People in Interest of R.J.A.*, 38 Colo.App. 346, 556 P.2d 491 (1976). While it appears that the issue was not argued in those cases, the supreme court and a division of this court affirmed revocation of probation for violations of specific conditions that were established by a preponderance of the evidence, even though the violations also could have constituted criminal offenses.

Accordingly, because defendant's probation was revoked on the basis of his violation of specific condition, rather than his commission of a new, separate criminal offense, the trial court properly required that the prosecution establish the violation by a preponderance of the evidence.

## II.

Defendant contends that the evidence was insufficient to warrant revocation of his probation. Specifically, he argues that the evidence consisted solely of hearsay testimony about the results of the urinalysis tests and that such evidence is insufficient as a matter of law to show that he violated the conditions of probation under a preponderance of the evidence standard. We disagree.

### A.

■ In revocation proceedings, the probationer is not entitled to the full range of constitutional guarantees available to one not yet convicted of a crime. A probation revocation hearing may be conducted informally, and the court is not bound by the strict rules

of evidence. *See Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969).

■ Section 16–11–206(3) provides in pertinent part: "Any evidence having probative value shall be received regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut hearsay evidence."

Thus, the court may apply relaxed rules of evidence during a probation revocation hearing, *see People v. Kelly,* 919 P.2d 866 (Colo. App.1996), and hearsay statements are admissible. *See People v. Ressin, supra.*

■ It is well settled that a probation violation may be established by hearsay testimony if the offering witness is subject to cross-examination. *See, e.g., People v. Ressin, supra; Holdren v. People, supra; People v. Kelly, supra.*

■ Under the circumstances presented here, the trier of fact could conclude on a preponderance of the evidence that defendant had used unlawfully a controlled substance or other dangerous or abusable drug or substance, and we will not substitute our judgment for that of the trial court. *See People v. Trujillo, supra.*

### B.

■ For the same reasons, we reject defendant's related argument that his constitutional rights to procedural due process and confrontation were denied because the revocation order was based solely upon hearsay testimony that he was given no fair opportunity to rebut. Defendant was not denied an opportunity to cross-examine the witness and in fact did so.

In support of his argument, defendant relies on *People in Interest of T.M.H., supra,* and *People v. Thomas,* 42 Colo.App. 441, 599 P.2d 957 (1979). However, in those cases probation was revoked based solely on the probationer's commission of a new, separate violation of the law for which the probationer had not yet been convicted, and not for a violation of a specific, standard condition of probation. Accordingly, while the higher burden of proof and the constitutional rights

applicable in preconviction criminal proceedings applied there, they do not apply here.

Finally, we note that defendant has not denied the existence of the laboratory report; nor does he contend that the laboratory did not find and report the presence of cocaine in the first report and a false urine sample in the second report; nor does defendant allege that he was denied access to the reports. Forensic laboratory reports are admissible in criminal proceedings without establishing the usual foundation, absent a request that the technician be made available at trial. Section 16–3–309(5), C.R.S.2002. Defendant also does not assert that any such request was made in this case. Therefore, under the circumstances presented here, testimony about the reports without the admission of the reports into evidence does not deny defendant any rights to confrontation or cross-examination.

### III.

Defendant contends that the probation revocation based on an unalleged violation of probation was erroneous. We agree, but conclude that the error was harmless.

■ A probationer has a due process right to be informed of the specific probation violations with which he or she is charged prior to a probation revocation hearing. *See People v. Atencio,* 186 Colo. 76, 525 P.2d 461 (1974); *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974).

■ The prosecution's complaint alleged a violation of probation based only on the illegal use of controlled substances, which was a specific condition of defendant's probation. Thus, defendant had no notice that his probation would be revoked based on breach of the specific condition that he submit to substance testing at the request of the probation officer. However, because defendant's revocation on other grounds was proper, and because the trial court could properly consider the results of the second urinalysis test as evidence of an unlawful use of controlled substances, any error in revoking probation on the basis of the testing condition was harmless beyond a reasonable doubt. *See Griego v. People,* 19 P.3d 1 (Colo.2001)(con-

stitutional error harmless when reviewing court is confident beyond a reasonable doubt that error did not contribute to the verdict).

## IV.

Finally, although not explicitly raised as an issue on appeal, defendant ostensibly argues that the urinalysis methodologies are unreliable. To the extent defendant relies on this argument as a basis for reversal on appeal, we decline to address it because it was not raised before the trial court. *See Dill v. People*, 927 P.2d 1315 (Colo.1996).

The order is affirmed.

Judge MARQUEZ and Judge NIETO concur.