**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 22-835** (Kanawha County 15-F-410(I))

Kenneth E. O'Neal,
Defendant Below, Petitioner

**MEMORANDUM DECISION**

The petitioner Kenneth E. O'Neal appeals the Circuit Court of Kanawha County's November 10, 2022, order sentencing him to twenty-five years of imprisonment following the third revocation of his supervised release.[1] On appeal, the petitioner presents one assignment of error, arguing that his revocation sentence is unconstitutionally disproportionate. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In June 2015, the petitioner pled guilty to an information charging first-degree sexual abuse.[2] The circuit court ordered the petitioner to undergo a sex offender evaluation, and the evaluation showed that the petitioner had a "very high" risk of reoffending. At sentencing, the court ordered the petitioner to serve one to five years of imprisonment and twenty-eight years of extended supervision. Pursuant to the terms of his supervised release, the petitioner was required to participate in and complete programs for sex offender treatment and substance abuse treatment, abstain from the use of alcohol and drugs that were not prescribed by a physician, and regularly report to his probation officer, among other conditions. The petitioner did not appeal the sentence for his underlying conviction.

The petitioner's supervised release began on August 26, 2018, and on July 11, 2019, the State filed its first motion to revoke his supervised release, alleging that the petitioner tested positive for drugs, failed to report to his probation officer, and was discharged from drug treatment due to non-attendance. After a hearing, the court found the petitioner violated the terms of his

---

[1] The petitioner appears by counsel John V. Danford. The respondent State of West Virginia appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

[2] The petitioner pled guilty pursuant to *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), and did not admit a factual basis for his plea. At the plea hearing, the State proffered that the petitioner sexually abused his stepdaughter after threatening her at knife point, forcing her to "snort" a white powdery substance through a straw, and tying her up with shoestrings.

1

extended supervision as alleged by the State and reinstated him to supervision under the condition that the petitioner participate in long-term inpatient substance abuse treatment.

On July 20, 2020, the State filed its second motion to revoke the petitioner's extended supervision, alleging that the petitioner failed to report to outpatient substance abuse treatment, failed to report to his probation officer, and absconded supervision. After a hearing, the circuit court found the petitioner violated his extended supervision and sentenced him to three years of imprisonment. The petitioner was released from prison on December 29, 2021, and continued serving the remainder of his term of extended supervision.

On September 15, 2022, the State filed its third motion to revoke the petitioner's extended supervision, alleging that he tested positive for drugs, failed to report to his probation officer, and was discharged from sex offender treatment for failing to participate. At a hearing, the petitioner waived his right to contest the allegations and admitted to the violations contained in the third motion to revoke. When considering disposition, the court noted this was the petitioner's third violation of his extended supervision, he continued to test positive for illegal drugs, and "he just stopped showing up" to appointments in violation of the court's order. Ultimately, the court revoked the petitioner's supervised release and sentenced him to twenty-five years of imprisonment; the petitioner appeals the court's November 10, 2022, order memorializing that sentence.

On appeal, the petitioner maintains that twenty-five years of imprisonment for his third violation of extended supervision violates the proportionality principle articulated in Article III, Section 5 of the West Virginia Constitution. He argues that his violations of supervised release do not warrant twenty-five years of imprisonment because his transgressions could not be charged as new criminal offenses and due to the petitioner's poor health and advanced age, the sentence could result in the petitioner spending the rest of his life in prison.

When considering the appeal of a circuit court's order modifying or revoking a defendant's supervised release, we review the final disposition for abuse of discretion and factual findings for clear error; questions of law are considered de novo. Syl. Pt. 1, *State v. White*, 249 W. Va. 532, 896 S.E.2d 698 (2023). Although this appeal stems from an order revoking the petitioner's supervised release, his argument focuses on the sentence that the court imposed upon the revocation. We review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

Initially, we reiterate our holding that the "post-revocation sanction [provided for in West Virginia Code § 62-12-26(h)(3)] simply is a continuation of the legal consequences of a defendant's original crime. In other words, it is part of a single sentencing scheme arising from the defendant's original conviction." *State v. Hargus*, 232 W. Va. 735, 743, 753 S.E.2d 893, 901 (2013). The petitioner asks this Court to focus only on his supervised release violations and ignore the fact that his post-revocation incarceration was part of the initial sentence, not a punishment for violating the terms of supervised release. Based upon our existing jurisprudence, however, we do not view his post-revocation sanction in isolation. Instead, we find that the petitioner's post-

revocation sentence is a continuation of the legal consequences of his first-degree sexual abuse conviction.

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980). Further, we have established that

> [t]here are two tests to determine whether a sentence is so disproportionate to a crime that it violates the West Virginia Constitution. The subjective test is found in syllabus point 5 of *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983), which provides:
>
> > Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.
>
> When it cannot be found that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test which states:
>
> > In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

Syl. pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

*Hargus*, 232 W. Va. at 743-744, 753 S.E.2d at 901-902.

Applying the subjective proportionality test to the petitioner's post-revocation sanction of twenty-five years of imprisonment, we first recognize that the petitioner pled guilty to the first-degree sexual abuse of his adult stepdaughter. Importantly, the petitioner had a long history of noncompliance with the terms of his supervised release, and it had been revoked twice before. At his third revocation hearing, the court found that the petitioner stopped showing up for appointments with his probation officer and noted that it had to issue a warrant for the petitioner's arrest because he failed to appear at his revocation hearing. The petitioner also failed to participate in sex offender treatment as required by the court, even though his sex offender evaluation found he had a "very high" risk to reoffend. "Both this Court and the Supreme Court of the United States have recognized the importance of protecting the public from sexual offenders, which necessitates the need for harsh deterrent punishments." *State v. Hoyle*, 242 W. Va. 599, 612, 836 S.E.2d 817,

3

830 (2019). Based upon these facts, we find that the petitioner's revocation sentence is not constitutionally impermissible because it is not so disproportionate to the character and degree of the offense that it shocks the conscience and offends fundamental notions of human dignity.

Additionally, applying the objective test, we cannot find that the circuit court erred in sentencing the petitioner to twenty-five years of imprisonment for violating the terms of supervised release, since this was the third revocation of his supervised release and he failed to participate in required treatment. The extended supervision statute reflects the Legislature's intent to prescribe "another type of punishment" for sex offenders who do not comply with the terms of their supervision. *State v. James*, 227 W. Va. 407, 420, 710 S.E.2d 98, 111 (2011). "[O]ur Legislature has evidenced a pattern of imposing significant punishments for sexual offenses, and we cannot ignore that the [extended supervision statute is] part of that scheme." *Hoyle*, 242 W. Va. at 613-14, 836 S.E.2d at 831-32.

Although the petitioner argues that his sentence is disproportionate when compared to extended supervision statutes in Iowa and Tennessee, the statutes in those states are not like West Virginia Code § 62-12-26 because they have lower limits on the term of incarceration that may be served after revocation. *See* Iowa Code § 903B.1 (providing a maximum term of five years imprisonment for a second or subsequent revocation); Tenn. Code Ann. § 39-13-526(b)(1) (providing a maximum term of imprisonment of less than one year when a violation of community supervision "does not constitute a criminal offense"). As the State points out, the Colorado Court of Appeals has affirmed a longer sentence for a sex offender who violated post-release supervision. *People v. Moses*, 64 P.3d 904, 906 (Colo. App. 2002) (affirming a sentence of two years to life imprisonment for violating intensive supervised probation after two failed drug tests). Even "though West Virginia is among those states with the strongest punishments for [violating conditions of supervised release], we do not find that West Virginia is alone or an anomaly warranting interference with the Legislature's reasoned decision to impose this punishment on offenders" like the petitioner. *Hoyle*, 242 W. Va. at 613, 836 S.E.2d at 831.

Turning finally to the comparison of the sentence for the petitioner's violation of conditions of supervised release with other crimes in our state, the petitioner complains that this statute provides the circuit court with no graduated sanctions or guidelines to follow when imposing sentence. It is true that the petitioner's violations were nonviolent, but we cannot ignore that the Legislature has incorporated the possibility of up to fifty years imprisonment for a failure to adhere to the requirements of extended supervision. The petitioner's history of noncompliance with the conditions of supervised release is analogous to other cases in which we affirmed lengthy terms of imprisonment upon revocation. *See State v. Payne*, No. 17-0195, 2018 WL 1444287, at *5 (W. Va. Mar. 23, 2018) (memorandum decision) (affirming a twenty-four-year sentence); *State v. Winning*, No. 17-0921, 2018 WL 4944416 (W. Va. Oct. 12, 2018) (memorandum decision) (affirming a twenty-year sentence). After considering all the relevant circumstances, we cannot conclude that twenty-five years of imprisonment for the petitioner's third violation of supervised release is unconstitutionally disproportionate.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:** June 12, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case. As the majority decision reminds us, "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980); *accord* Mem. Dec. at 3. I would have set this case for oral argument pursuant to Rule 19 of the West Virginia Rules of Appellate Procedure to thoroughly address the one error alleged in this appeal: whether the petitioner's twenty-five-year term of imprisonment resulting from a revocation of supervised release is unconstitutionally disproportionate—particularly when the term of imprisonment for the underlying offense of conviction was one to five years.