23CA1696 Peo v Delafuente 09-04-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1696
Weld County District Court No. 18CR402
Honorable Allison J. Esser, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Catalina Delafuente,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John P. Finnegan, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Catalina Delafuente, appeals the district court's order revoking and reinstating her probation.  We affirm.

## I.    Background

¶ 2    In 2018, Delafuente pleaded guilty to driving under the influence (fourth or subsequent), a class 4 felony.  She was sentenced to nine months in jail, plus an additional one year in jail suspended on the successful completion of a three-year probation term.

¶ 3    Delafuente had completed her nine-month jail sentence but was still serving her probation when, in February 2020, her probation officer filed a probation revocation complaint.  The probation officer alleged that Delafuente had failed to comply with the following four conditions of her probation:

- Condition No. 6: "I will not use alcohol (to excess) or use or possess any illegal, dangerous, or abusable drugs or controlled substances without a prescription . . . ."

- Condition No. 7: "I will submit to drug and alcohol testing as directed by Probation. . . ."

- Condition No. 8: "I will actively participate in, cooperate with, and successfully complete any referral, evaluation,

1

assessment or recommended program. These programs may include, but are not limited to: . . . counseling or treatment for drugs or alcohol . . . ."

- Condition No. 9: "I will report to my probation officer for appointments, as directed by the Court or the Probation office. . . ."

¶ 4 Following a hearing, the district court found that Delafuente had violated these four conditions of her probation. The court therefore revoked and reinstated her probation for a two-year term. The court also ordered ninety days of electronic home monitoring, allowing Delafuente to leave her home during that time only for her own treatment or her mother's medical needs. The court made clear that its decision to revoke Delafuente's probation was based largely on her violation of Condition No. 8, stating that, if only the violations of Condition Nos. 6, 7, and 9 were at issue, it would have been unlikely to revoke Delafuente's probation.

¶ 5 On appeal, Delafuente contends that her due process rights were violated because the prosecution didn't establish that any failure to comply with Condition No. 8 resulted from her own willfulness or lack of adequate bona fide efforts to obtain the

resources needed to comply with that condition, as opposed to merely resulting from her indigency. And, more broadly, she contends that the prosecution failed to present sufficient evidence to establish that she violated Condition No. 8 by not "actively participat[ing] in, cooperat[ing] with, and successfully complet[ing]" treatment. We reject both contentions.

## II.    Discussion

¶ 6    We first set out the relevant legal standards and then turn to Delafuente's arguments.

### A.    Applicable Law and Standard of Review

¶ 7    "Probation is a privilege, not a right." *People v. Howell*, 64 P.3d 894, 896 (Colo. App. 2002). Probation may be revoked if a probationer violates any condition of probation. *Id.* Where, as here, probation violations don't involve the commission of criminal offenses, the prosecution must establish the violations by a preponderance of the evidence. *See* § 16-11-206(3), C.R.S. 2025; *Sharrow v. People*, 2019 CO 25, ¶¶ 47-48.

¶ 8    Whether a probation condition has been violated is a question of fact for the district court. *People v. Fair*, 2013 COA 41, ¶ 12.

Once the court finds a violation, it has discretion to decide whether to revoke the probationer's probation. *Id.*

¶ 9 Delafuente challenges only the district court's finding that she violated the conditions of her probation — not the court's decision, after finding the violations, to revoke her probation.

¶ 10 We apply de novo review in assessing the sufficiency of the evidence to support the district court's finding of a violation of the conditions of probation. *See McCoy v. People*, 2019 CO 44, ¶ 34. We consider whether the evidence is sufficient in quality and quantity to satisfy the prosecution's burden of establishing a probation violation by a preponderance of the evidence. *See People v. Moses*, 64 P.3d 904, 908 (Colo. App. 2002); *People in Interest of C.J.W.*, 727 P.2d 870, 872 (Colo. App. 1986); *see also People v. Ortiz*, 2016 COA 58, ¶ 26 (applying this standard to a sufficiency challenge to a restitution award). In doing so, we view the evidence in the light most favorable to the prosecution. *See People v. Donald*, 2020 CO 24, ¶ 18. If the evidence sufficiently supports a finding of a violation, "we will not substitute our judgment for that of the trial court." *Moses*, 64 P.3d at 908; *accord People v. Trujillo*, 539 P.2d 1234, 1236 (Colo. 1975) (declining to disturb a finding of a

probation violation because the district court that had "heard the testimony of all the witnesses [wa]s in a far better position to weigh the evidence than this court on review"). Nor will we disturb a finding of a violation "merely because there is a conflict in the evidence." *Howell*, 64 P.3d at 897.

¶ 11 Delafuente's related due process argument presents a question of law, which we review de novo. *See People v. Calderon*, 2014 COA 144, ¶ 23.

### B. Due Process

¶ 12 First, we reject Delafuente's argument that the revocation of her probation violated her due process rights.

¶ 13 Delafuente contends that, because she presented evidence that she was unable to comply with the conditions of her probation due to financial difficulties, the prosecution was required to show that she willfully failed to comply with her probation conditions or that she failed to make adequate bona fide efforts to obtain the resources she needed to be able to comply with those conditions. Her argument is premised on the rule articulated by our supreme court in *Sharrow*, ¶ 42:

> [W]hen a probationer defends against an alleged violation of a nonpayment condition of probation based on [their] lack of financial means, the trial court cannot revoke probation and *impose imprisonment* without first determining whether [they] failed to comply with probation willfully or failed to make sufficient bona fide efforts to acquire resources to comply with probation. If the trial court finds that the defendant willfully refused to comply with probation or failed to make sufficient bona fide efforts to acquire resources to do so, it may revoke probation and *impose imprisonment.* On the other hand, if the trial court finds that the defendant could not comply with probation despite sufficient bona fide efforts to acquire resources to do so, it must consider *alternatives to imprisonment.* Only if alternate measures are not adequate to fulfill the State's sentencing interests, including in punishment, deterrence, rehabilitation, and community safety, may the court *imprison* an indigent defendant who, notwithstanding sufficient bona fide efforts to comply with probation, nevertheless failed to do so.

(Emphases added) (emphasis omitted) (footnotes omitted). *Sharrow,* in turn, relied on the United States Supreme Court's opinion in *Bearden v. Georgia,* which established a similar rule for the revocation of probation and imposition of a prison sentence for failure to pay a fine or restitution. 461 U.S. 660, 672 (1983).

¶ 14 But the requirements set forth in *Bearden* and *Sharrow* apply only when a court imposes imprisonment upon revoking probation. *See Bearden*, 461 U.S. at 672; *Sharrow*, ¶¶ 6, 42; *see also State v. Bell*, 331 P.3d 1062, 1063 (Ore. Ct. App. 2014) ("*Bearden* unequivocally does not apply to situations in which a probationer's failure to pay fines or restitution results in some sanction less onerous than imprisonment."); *State v. Pickett*, 2015-Ohio-972, ¶ 19 (distinguishing *Bearden* on the basis that the probationer at issue wasn't imprisoned for failing to make required payments).

¶ 15 Here, the district court didn't impose imprisonment upon revoking Delafuente's probation. Rather, it imposed home detention with ankle monitoring. *See People v. Chavez*, 122 P.3d 1036, 1038 (Colo. App. 2005) (distinguishing home detention with electronic monitoring from confinement in a correctional facility, particularly with regard to the differing restrictions on liberty and privacy, in the context of presentence confinement credit). Thus, the prosecution wasn't required to show that Delafuente willfully failed to comply with her probation conditions or failed to make adequate bona fide efforts to obtain the resources she needed to be able to comply with those conditions.

## C. Sufficiency of the Evidence

¶ 16    Having determined that the heightened requirements of *Bearden* and *Sharrow* don't apply, we also reject Delafuente's argument that the prosecution presented insufficient evidence to establish a violation of her probation conditions.

¶ 17    Because the district court based its revocation on its finding that Delafuente had violated Condition No. 8, our review is limited to the sufficiency of evidence as to that particular violation. *See People v. Lientz*, 2012 COA 118, ¶ 9 ("[W]e cannot affirm the revocation based on the fact that the record shows that [the] defendant violated other probation conditions . . . .  Rather, we can only affirm on that basis if 'the record clearly shows the [district] court would have reached the same result' even without considering the challenged conditions." (quoting *People v. Loveall*, 231 P.3d 408, 416 (Colo. 2010))).

¶ 18    As indicated above, Condition No. 8 required Delafuente to "actively participate in, cooperate with, and successfully complete" recommended treatment.

¶ 19    The probation revocation complaint, filed in February 2020, alleged that Delafuente had violated this condition in that she

8

hadn't followed through with the requirements for her alcohol treatment and had last attended that treatment in September 2019.

¶ 20    At the revocation hearing, the probation officer testified that in September 2018, Delafuente was recommended to complete Level II Four Plus alcohol treatment. According to the probation officer, Delafuente initially complied with the recommended treatment by completing her intake appointment and attending her classes. However, the treatment agency notified the probation officer that, although Delafuente hadn't been formally discharged, as of the time the revocation complaint was filed, she hadn't complied with or completed the treatment.

¶ 21    On cross-examination, the probation officer acknowledged that Delafuente had reported having financial difficulties that led to transportation challenges. Delafuente had indicated that she relied on her sister for transportation to and from the treatment center, which, at the time, was in Greeley, about eighteen miles from her home in Platteville. Delafuente also had indicated that at times her sister wouldn't take her to treatment. And Delafuente had said in September 2019 that she'd obtained a learner's permit but that her car wasn't drivable and she didn't have the money to fix it.

¶ 22 The probation officer testified that she had attempted to assist Delafuente in overcoming these transportation challenges. Initially, the probation officer provided Delafuente with bus passes that worked within Greeley to assist her in attending her treatment there. Later, at Delafuente's request, the probation officer switched her from a treatment center in Greeley to one in Fort Lupton, where she'd indicated she could access a working car.

¶ 23 Ultimately, the district court found that Delafuente had ceased actively participating in her treatment and hadn't successfully completed that treatment. It also found that Delafuente's failure to complete her treatment wasn't the result of her financial issues and related transportation challenges.

¶ 24 While the record is thin, we conclude that there was sufficient evidence to support these findings by a preponderance of the evidence. *See Moses*, 64 P.3d at 908; *C.J.W.*, 727 P.2d at 872.

¶ 25 The prosecution presented evidence that, as of the time the revocation complaint was filed, Delafuente hadn't complied with or completed the recommended treatment program. Delafuente didn't contest that allegation. Rather, she asserted that she lacked reliable transportation to the treatment center due to her financial

difficulties. The prosecution, in turn, offered evidence that the probation officer had provided Delafuente with accommodations in an effort to ease her burdens relating to transportation. Even so, there was no evidence that Delafuente took advantage of these accommodations and was actively participating in her treatment, particularly after the treatment was moved to a location where Delafuente had indicated she had access to a car.

¶ 26 Viewing this evidence in the light most favorable to the prosecution, as we must, we conclude that the evidence is sufficient to support the district court's finding that Delafuente violated Condition No. 8 of her probation. *See Donald*, ¶ 18; *see also Moses*, 64 P.3d at 908; *Trujillo*, 539 P.2d at 1236. Accordingly, we do not disturb the court's order revoking and reinstating her probation.

### III. Disposition

¶ 27 The order is affirmed.

JUDGE FREYRE and JUDGE MEIRINK concur.