23CA0393 Peo v Gonzalez 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0393
Arapahoe County District Court No. 20CR677
Honorable Ryan J. Stuart, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Julio Cesar Gonzalez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Grove and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Philip J. Weiser, Attorney General, Paul Koehler, Senior Counsel, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kelly A. Corcoran, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Julio Cesar Gonzalez appeals the revocation of his probation. We affirm.

## I.    Background

¶ 2    This case (*Gonzalez I*) is related to *People v. Gonzalez*, (Colo. App. No. 23CA0395, Mar. 26, 2026) (not published pursuant to C.A.R. 35(e)) (*Gonzalez II*), which is also announced today.

¶ 3    In *Gonzalez I*, Gonzalez pleaded guilty to one count of second degree burglary of a building for breaking into an apartment and stealing cell phones and cash.  In May 2020, the district court sentenced Gonzalez to two years of supervised probation.  One condition of probation was that Gonzalez would not commit any new offenses.

¶ 4    In June 2020, Gonzalez's probation officer filed a complaint to revoke his probation based on Gonzalez's failure to report to probation.  In July 2020, in *Gonzalez II*, the People charged Gonzalez with assaulting two women and causing serious bodily injury to one of them.  As a result, Gonzalez's probation officer filed an amended complaint to revoke his probation in *Gonzalez I*.  The district court postponed the revocation proceeding pending the

outcome of *Gonzalez II*, in which a jury convicted Gonzalez of most of the charges in November 2022.

¶ 5 The probation revocation hearing in *Gonzalez I* was scheduled to coincide with the sentencing hearing in *Gonzalez II*. At the hearing, the district court took judicial notice of the new convictions and revoked Gonzalez's probation. The court then resentenced Gonzalez to six years in the custody of the Department of Corrections in *Gonzalez I*, to run concurrently with the twenty-five-year sentence it imposed in *Gonzalez II*.

¶ 6 Gonzalez filed separate appeals challenging his conviction and sentence in *Gonzalez II* and his probation revocation in *Gonzalez I*.

## II.    Discussion

¶ 7 Gonzalez argues that the district court erred by (1) revoking his probation based on misdemeanor charges that were dismissed before the revocation hearing; and (2) relying on new felony convictions that he asserts are invalid and should be reversed, as argued in *Gonzalez II*.

¶ 8 The People concede that Gonzalez was not convicted of any misdemeanor charges separate from those charges addressed in *Gonzalez II*. To be sure, the district court erred by relying on

2

dismissed charges, but the error was harmless because there was another valid ground for revocation. *See People v. Moses*, 64 P.3d 904, 908 (Colo. App. 2002) (explaining that "because [the] defendant's revocation on other grounds was proper," the trial court's consideration of an improper ground was harmless).

¶ 9 Thus, the sole remaining basis for revoking probation in *Gonzalez I* is the new convictions in *Gonzalez II*. If those convictions are reversed in *Gonzalez II*, the probation revocation cannot stand. *Cf. People v. Loveall*, 231 P.3d 408, 416 (Colo. 2010) ("Where one or more bases for revoking probation are set aside on appeal, the revocation remains valid *provided at least one violation is sustained*." (emphasis added)). Because Gonzalez does not otherwise challenge the revocation, our role here is simple: If we affirm in *Gonzalez II*, we must affirm here, and if we reverse in *Gonzalez II*, we must reverse here.

¶ 10 We affirmed Gonzalez's convictions in *Gonzalez II*, so the probation revocation in *Gonzalez I* likewise is affirmed.

### III. Disposition

¶ 11 The order is affirmed.

JUDGE GROVE and JUDGE TAUBMAN concur.

3